IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Genesis Press, Inc., and Genesis Publications, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MAC Funding Corporation, | ) ) | C.A. No. 6:08-2115-HMH |
| Intervenor Plaintiff, | ) ) | **OPINION & ORDER** |
| vs. | ) ) | |
| Hartford Casualty Insurance Company, | ) ) | |
| Defendant. | ) | |

This matter is before the court on third-party MAC Funding Corporation's ("MAC") motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Upon due consideration, and for the reasons set forth herein, MAC's motion is granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Genesis Press, Inc., and Genesis Publications, LLC (collectively "Genesis"), are engaged in the business of commercial printing. In or around January 2008, Genesis purchased a commercial insurance policy, Policy Number 22 SBQ UD8194 ("the Policy"), from Hartford Casualty Insurance Company ("Hartford"). The Policy purports to cover certain specified losses to property and earnings that may occur between February 1, 2008, and February 1, 2009.

On March 31, 2008, Genesis's printing facility experienced a fire that resulted in a substantial disruption of its business activity. Genesis notified Hartford of its loss, and Hartford assigned an adjuster to investigate the claim. On April 10, 2008, Hartford issued an advance and

partial payment to Genesis under the Policy in the amount of six hundred thousand dollars ($600,000.00), subject to a reservation of rights.

Hartford's investigation of the fire continues. There is some concern that the fire resulted from an intentional act, though the identity of the putative arsonist has not been established, either by Hartford or the Greenville County Sheriff's Department. Hartford has not made a final determination regarding the cause of the fire, and so has not yet either approved or denied coverage. However, on June 4, 2008, Genesis proceeded to commence this civil action against Hartford, alleging among other things that Hartford has breached the contract of insurance and has made a bad-faith denial of the losses claimed.

Among the property destroyed in the Genesis fire were two Mitsubishi printing presses. These presses were owned by MAC and leased to Genesis subject to a security interest agreement. MAC reports that Genesis has defaulted under the terms of the lease and the security agreement, and that Genesis is presently indebted to MAC for approximately $2.8 million. MAC further contends that it is a "Loss Payee" under the terms of the Policy. Accordingly, by motion filed July 3, 2008, MAC seeks to intervene in this civil action. Genesis has expressly consented to MAC's intervention, and Hartford has not filed any opposition.

## II. DISCUSSION OF THE LAW

MAC seeks to intervene in this litigation as a matter of right. Fed. R. Civ. P. 24(a)(2). "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Id.

As a fundamental matter, a party will not be permitted to intervene as a matter of right unless it has a direct, substantial, and legally protectable interest in the action. See, e.g., Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." Diaz v. S. Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970) (citations omitted). In this case, MAC is claiming to have an ownership interest in the printing presses, as well as a security interest arising from the lease transaction with Genesis. Accordingly, the court is satisfied that MAC has a sufficiently direct, substantial, and legally protectable interest in the litigation.

The party seeking to intervene must also show to the court's satisfaction that absent intervention, the ability of that party to protect its interest in the litigation will as a practical matter be impaired or impeded. Through the presses leased to Genesis, MAC has become substantially invested in the course and outcome of this litigation. The disposition of the presses, which are damaged and in Hartford's possession, and the payment of insurance proceeds for those presses, are of significant concern to MAC. See, e.g., NL Indus., Inc. v. Sec'y of the Interior, 777 F.2d 433, 435-36 (9th Cir. 1985) (finding that the district court properly allowed a third-party to intervene as a matter of right, where possible harm was likely to result from litigation involving a business competitor's conflicting claim to mining interests). Were it required to observe this litigation from the sidelines, MAC's practical ability to protect and defend its property interests could very likely be impaired.

Finally, the party seeking to intervene must show that the parties that are presently involved in the action will be unable to adequately represent the intervenor's interests. This is not a burdensome standard. The intervening party need only show that the representation of its

interests "may be" inadequate. <u>Trbovich v. United Mine Workers of Am.</u>, 404 U.S. 528, 538 n.10 (1972). In this case, the interests of MAC and Genesis may be considered similar, in that both MAC and Genesis are seeking to recover funds from the Policy. However, the Policy limits Hartford's liability for covered losses, thereby creating a fixed pool of proceeds from which Genesis (and MAC, as a Loss Payee) may draw. It is also possible that the interests of MAC and Genesis are adverse. As noted previously, there is some reasoned speculation that the fires at Genesis's facility were set intentionally. In the event that this circumstance were proven, the effect of such a determination could have dramatic consequences for the rights, responsibilities, and interest alignments of the parties. In short, the court is satisfied that the representation of MAC's interests by the parties already present in the litigation may be inadequate.

Finally, MAC's motion is timely filed. This litigation is still in its infancy, and formal discovery has yet to commence. The court finds that neither of the parties that are presently involved in this litigation will be prejudiced by the timing of the intervention herein granted.

It is therefore

**ORDERED** that MAC's motion to intervene, docket number 6, is granted.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
August 5, 2008