IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Genesis Press, Inc., and | ) | |
| Genesis Publications, LLC, | ) | C.A. No. 6:08-2115-HMH |
| | ) | |
| Plaintiffs, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| MAC Funding Corporation, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolina First Bank, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Hartford Casualty Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on third-party Carolina First Bank's ("Carolina First") motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Carolina First's motion is granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Genesis Press, Inc., and Genesis Publications, LLC (collectively "Genesis"), are engaged in the business of commercial printing. In or around January 2008, Genesis purchased a commercial insurance policy, Policy Number 22 SBQ UD8194 ("the Policy"), from Hartford Casualty Insurance Company ("Hartford"). The Policy purports to cover certain specified losses to property and earnings that may occur between February 1, 2008, and

February 1, 2009. Carolina First Bank is listed as a "Loss Payee" in the Policy.

On March 31, 2008, Genesis's printing facility experienced a fire that resulted in a substantial disruption of its business activity. Genesis notified Hartford of its loss, and Hartford assigned an adjuster to investigate the claim. On April 10, 2008, Hartford issued an advance and partial payment to Genesis under the Policy in the amount of Six Hundred Thousand Dollars ($600,000.00), subject to a reservation of rights.

Hartford's investigation of the fire continues. The investigation into the cause of the fire is ongoing and arson has not been ruled out. Because Hartford has not made a final determination regarding the cause of the fire, Hartford has not approved or denied coverage at this time. However, on June 4, 2008, Genesis commenced this civil action against Hartford, alleging among other things that Hartford has breached the contract of insurance and has made a bad-faith denial of the losses claimed.

On September 19, 2008, Carolina First filed a motion to intervene in this action. Genesis has expressly consented to Carolina First's intervention, and Hartford has opposed the motion.

## II. Discussion of the Law

Carolina First seeks to intervene in this litigation as a matter of right. Fed. R. Civ. P. 24(a)(2). "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Id.

As a fundamental matter, a party will not be permitted to intervene as a matter of right unless it has a direct, substantial, and legally protectable interest in the action. See, e.g., Med.

Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." Diaz v. S. Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970) (citations omitted). Hartford alleges that Carolina First's motion is premature because Hartford has "not received from Carolina First any clarification concerning its entitlement to Policy proceeds or documentation specifying the amount of its alleged interest or security in the damaged Business Personal Property." (Hartford's Mem. Opp'n Carolina First's Mot. Intervene 2.) While this may be a disputed issue, the court finds that Carolina First's motion is not premature. The parties may explore this issue in discovery.

In this case, Carolina First is claiming a lien and security interest in the damaged and destroyed inventory. Further, Carolina First has claimed an interest in any insurance proceeds. Accordingly, the court is satisfied that Carolina First has a sufficiently direct, substantial, and legally protectable interest in the litigation.

The party seeking to intervene must also show to the court's satisfaction that absent intervention, the ability of that party to protect its interest in the litigation will as a practical matter be impaired or impeded. As a condition of loaning money to Genesis, Carolina First required that Genesis "insure the collateral pledged to [Carolina First] and name [it] as a Loss Payee on the Policy." (Carolina First's Mem. Supp. Mot. Intervene 2.) Some of the inventory that was destroyed by the fire was part of the collateral pledge by Genesis to Carolina First as security. Hence, Carolina First alleges that it has a lien and security interest in the inventory. Carolina First has become substantially invested in the course and outcome of this litigation. The disposition of the collateral, which are damaged and in Hartford's possession, and the payment of

insurance proceeds for the collateral, are of significant concern to Carolina First. See, e.g., NL Indus., Inc. v. Sec'y of the Interior, 777 F.2d 433, 435-36 (9th Cir. 1985) (finding that the district court properly allowed third-party to intervene as a matter of right, where possible harm was likely to result from litigation involving business competitor's conflicting claim to mining interests). If not permitted to intervene, Carolina First's practical ability to protect and defend its property interests would likely be impaired.

Finally, the party seeking to intervene must show that the parties that are presently involved in the action will be unable to adequately represent the intervenor's interests. This is not a burdensome standard. The intervening party need only show that the representation of its interests "may be" inadequate. Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). In this case, the interests of Carolina First, MAC Funding Corporation ("MAC"), and Genesis may be considered similar, in that Carolina First, MAC, and Genesis are seeking to recover funds from the Policy. However, the Policy limits Hartford's liability for covered losses, thereby creating a fixed pool of proceeds from which Genesis; MAC, as a Loss Payee; and Carolina First, as a Loss Payee; may draw. It is also possible that the interests of Carolina First and Genesis are adverse. As noted previously, there is some speculation that the fires at Genesis's facility were set intentionally. In the event that this circumstance were proven, the effect of such a determination could have dramatic consequences for the rights, responsibilities, and interest alignments of the parties. In short, the court is satisfied that the representation of Carolina First's interests by the parties already present in the litigation may be inadequate.

Finally, Carolina First's motion is timely filed. This litigation is still in its infancy. The discovery deadline expires April 21, 2009. Therefore, the parties have adequate time to conduct

discovery. Based on the foregoing, the court finds that neither of the parties that are presently involved in this litigation will be prejudiced by the timing of the intervention herein granted.

It is therefore

**ORDERED** that Carolina First's motion to intervene, docket number 39, is granted.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
October 23, 2008