IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Genesis Press, Inc., and | ) | |
| Genesis Publications, LLC, | ) | C.A. No. 6:08-2115-HMH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Hartford Casualty Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Gallivan, White & Boyd, P.A.'s ("Gallivan"), a nonparty, motion for attorney fees, motion for preliminary injunction, and motion for other necessary relief. Gallivan is a law firm that formerly represented the Plaintiffs during this action. Gallivan's representation of the Plaintiff terminated on September 2, 2009, when the court granted Gallivan's motion to withdraw as attorney for the Plaintiffs. (Docket Entry 201.)

The Plaintiffs and the Defendant Hartford Casualty Insurance Company have reached a settlement in this case and the case was dismissed on July 12, 2010. Gallivan alleges that it is owed $535,068.16 in attorney fees and expenses. (Gallivan Mem. Supp. Att'y Fees Ex. B (C. William McGee Aff., generally).) Gallivan argues that the court has jurisdiction to hear this matter. (Id., generally (citing Cluett, Peabody & Co., Inc. v. CPC Acquisition Co, 863 F.2d 251, 256 (2d Cir. 1988) ("It is well settled that '[a] federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action . . . .'")).) The court has reviewed Gallivan's arguments. However, the court is constrained to find that it does not have jurisdiction to decide this issue.

1

First, Gallivan is a nonparty to this action and is non-diverse. Therefore, the court does not have original jurisdiction over this claim pursuant to 28 U.S.C. § 1331 or § 1332.

In addition, the court finds that supplemental jurisdiction does not extend to Gallivan's claims. Further, to the extent supplemental jurisdiction applies, the court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367 states, in pertinent part, that "district courts shall have supplemental jurisdiction over claims that are so related to the claims in the action within such original jurisdiction that they form the same case or controversy . . . ." The court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). In Andrews v. Central Surety Insurance Co., 295 F. Supp. 1223, 1228 (D.S.C. 1969), the court held that

> [t]he ancillary jurisdiction of the federal court recognized by the foregoing authorities would not extend to a situation where the main suit had been fully concluded and there were no assets actually or constructively within the court's possession and control as a result of the principal suit.

This case has been dismissed and there are no assets within the court's possession; therefore, supplemental jurisdiction does not apply. Further, to the extent that supplemental jurisdiction applies, the court having dismissed all claims over which original jurisdiction exists, declines to exercise supplemental jurisdiction over this claim.

Also, Gallivan has not moved to intervene as a party to this action. However, even if Gallivan intervened in this action, the court does not have supplemental jurisdiction over the claims. 28 U.S.C. § 1367(b) specifically states:

> [T]he district courts shall not have supplemental jurisdiction under subsection (a) over claims . . . by persons . . . seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising jurisdiction over those claims would be inconsistent with the jurisdictional requirements of section 1332.

Section 1367(b) plainly prohibits supplemental jurisdiction when a non-diverse party seeks to intervene under Rule 24. Thus, even if Gallivan properly sought to intervene in this action, the court does not have supplemental jurisdiction over Gallivan's claims. Based on the foregoing, Gallivan's motion is dismissed.

    **IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

August 6, 2010
Greenville, South Carolina